United States District Court
District of Massachusetts

| | |
|---|---|
| Karl Niehoff,<br><br>    Plaintiff,<br><br>    v.<br><br>The Barnstable Waterways<br>Committee et al,<br><br>    Defendants. | Civil Action No.<br>25-10652-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of the revocation of the mooring servicers license of plaintiff Karl Niehoff, doing business as AGL Mooring and Dock ("plaintiff" or "Niehoff"). Plaintiff contends that defendants Gerard T. Horn, Deputy Harbormaster, the Town of Barnstable, the Barnstable Waterways Committee and all individual members of that committee (collectively, "defendants") violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

For the reasons state below and because plaintiff's administrative appeal was sufficient to protect his right to due process, defendants motion to dismiss (Docket No. 8) will be allowed and the case will be remanded to state court for further proceedings.

-1-

I.  **Background**

   **A. Facts**

   The Town of Barnstable, Massachusetts, has created regulations that set forth the requirements and administrative procedures associated with the issuance of professional licenses to mooring servicers. Niehoff has been a licensed mooring servicer in Barnstable since 2007 and has serviced over 400 moorings.

   In August, 2022, plaintiff received correspondence from Deputy Harbormaster, Gerald Horn, informing plaintiff that his license was in jeopardy of non-renewal.  Horn included several allegations in support of that warning, including failures to service moorings properly and their subsequent breakages. Despite the warning, plaintiff's license was renewed in 2023 and 2024.

   On October 8, 2024, Niehoff received a second letter from Horn informing him that the Marine and Environmental Affairs Department ("MEA") had decided to revoke plaintiff's license effective November 1, 2024, and that his customers would be notified on that date.  That letter contained allegations of misconduct, including failures to maintain lifejackets on his service boats and a continued pattern of broken moorings.

   On October 22, 2024, plaintiff's counsel alerted Horn and the Town of Barnstable Waterways Committee ("the Waterways

Committee") of plaintiff's intention to appeal the termination under Barnstable Code §406-18(M)(3). On November 19, 2024, the Waterways Committee convened a hearing on plaintiff's appeal via videoconference. The hearing was continued on December 17, 2024, after which the Waterways Committee voted to uphold the revocation. Plaintiff's customers were informed of the revocation the following day.

### B. Procedural History

Niehoff filed his complaint, which contained claims under both state and federal law, in Barnstable Superior Court in February, 2025. Defendants timely removed the case to federal court in March, 2025, on the basis of federal question jurisdiction and filed their answer to the complaint shortly after.

In May, 2025, the Court held a scheduling conference during which it directed the parties to brief plaintiff's federal due process claim to help the Court determine whether it has jurisdiction over the case. Defendants filed the pending motion to dismiss Count II (the federal claim) and plaintiff timely opposed.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the plaintiff must state a claim for relief that is

actionable as a matter of law and plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### B. Application

The parties appear to disagree on the legal theory under which plaintiff brings his claims. Defendant has moved to dismiss plaintiff claim on the grounds that he fails to allege a violation of his substantive due process rights. Because the complaint is more fairly read as asserting a violation of his right to procedural due process, that is the standard by which the motion will be resolved.

The Due Process Clause of the Fifth and Fourteenth Amendments to the Untied States Constitution impose constraints on the government's ability to deprive individuals of liberty or property. Mathews v. Eldridge, 424 U.S. 319, 332 (1976). To state a claim for relief, plaintiff must first establish the deprivation of a protected liberty or property interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Due process is flexible and calls for such procedural protection as is warranted under the circumstances but generally requires notice and an opportunity to be heard. Mathews, 424 U.S. of 334.

-4-

In determining what process is due, the Court must balance the public and private interests at stake, the risk of erroneous deprivation and the probable benefit of additional safeguards. Id. at 335.

Niehoff claims he has a constitutionally protected property interest in his mooring servicers license. Defendants do not address that claim but the Court will assume, arguendo, that such an interest exists.

Plaintiff contends that the appeal process afforded to him was insufficient to protect his right to due process. Although he alleges that his initial notice of termination included no instructions on appeal procedure, it is clear from the record that plaintiff was afforded two hearings before the Waterways Committee. Those proceedings were held before the revocation of his license became effective.

The Court concludes that such procedures were sufficient to meet the requirements of due process. While plaintiff clearly has a strong interest in maintaining his professional license, the government has an equal, if not greater, interest in maintaining the integrity of the public harbor. The risk of erroneous deprivation throughout those proceedings was low because plaintiff was given two separate opportunities to confront the case against him and to offer a defense. Finally, because plaintiff was afforded the opportunity to challenge the

revocation in a Town Committee, before any adverse action was taken, it is unclear what benefit additional procedural safeguards would have provided. Plaintiff has failed to state a claim on which relief can be granted and defendants' motion to dismiss Count II will therefore be allowed.

### III. Remand to State Court

In dismissing plaintiff's sole federal law claim, the Court must proceed to determine whether to remand this case to state court for further proceedings. The Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). Indeed, other sessions of this District Court have found that dismissal of state law claims under such circumstances is required. See, e.g., Connolly v. Dep't of Conservation & Recreation, 768 F. Supp. 3d 214, 221 (D. Mass. 2025). This Court will instead remand the case to the state court from which it originated.

-7-

**ORDER**

For the forgoing reasons, defendants' motion to dismiss the complaint in part is **GRANTED** and Count II is **DISMISSED**. The case is hereby **REMANDED** to state court for further proceedings.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                             Nathaniel M. Gorton
                                             Senior United States District Judge

Dated: December 29, 2025